# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LARRY DARNELL VENZANT**                                                              **PLAINTIFF**

VS.                                      NO. 3:11CV00116-BD

**COLEMAN**, *et al.*                                                                   **DEFENDANTS**

## ORDER

**I.    Background:**

Larry Darnell Venzant, an inmate formerly housed at the Crittenden County Detention Center ("Detention Center"), filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Detention Center employees failed to protect him from an attack by his cell mate, Mardriekus Blakes.  He claims that, although he notified Defendants Mobley, Coleman, Bonner, and Hall about Mr. Blakes's mental problems, they did nothing to assist him.  Mr. Venzant alleges that, on June 9th and 10th, 2011, he specifically notified Defendants Coleman and Bonner that the Devil was telling Mr. Blakes to stab him, but no action was taken.  On June 11, 2001, Mr. Venzant alleges that Mr. Blakes cut him.  He claims that he requested medical treatment, but that Defendant Gammon[1] refused to take him to a physician and, instead, placed him back in his cell.

Defendants have now moved for summary judgment, arguing that Mr. Venzant's claims fail as a matter of law.  (Docket entry #35)  They also claim qualified immunity.

---

[1] Although Mr. Venzant originally identified Defendant "Gammon" as Defendant "Gamble", the docket sheet now reflects the correct identify of this Defendant.

Mr. Venzant has responded to the motion. (#41, #42) Based on the undisputed evidence presented, the Defendants are entitled to summary judgment (#35).[2]

## II. Discussion:

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

---

[2] Defendants also argue that Mr. Venzant has failed to state an official capacity claim against them because he has failed to identify a custom or policy that caused him to suffer any injury. Although the Court agrees, because the Court finds that Mr. Venzant's claims fail as a matter of law it is not necessary to address that argument, or the Defendants' qualified immunity argument, in this Order.

B.   Failure-to-Protect

The Eighth Amendment requires prison officials to take reasonable measures to ensure the safety of the inmates, and this includes a duty to protect them from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994). To establish this constitutional violation, Mr. Venzant must show that his continued incarceration with Mr. Blakes posed a substantial risk of serious harm and that the Defendants actually knew of, but disregarded or were deliberately indifferent to, Mr. Venzant's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Mr. Venzant cannot make this showing.

Mr. Venzant claims that he notified Defendants Coleman, Bonner, Mobley, and Hall about Mr. Blakes's mental problems, but the only Defendants that he claims to have notified of a specific risk of harm were Defendants Coleman, Bonner, and Mobley. Accordingly, Mr. Venzant cannot show that Defendant Hall actually knew that Mr. Blakes posed any specific risk to Mr. Venzant's health and safety.

In addition, although Mr. Venzant completed a "detainee to staff communication form" on both June 9th and June 10th, 2011, stating that the Devil had told Mr. Blakes to stab him, Defendant Mobley testified that she did not receive those forms until at least three (and possibly five) days after the alleged incident occurred, and after Mr. Blakes

and Mr. Venzant had been placed in separate cells.[3]  (#37-2 at p.2)  Defendant Coleman testified that he had "no knowledge that [Mr. Venzant] was ever threatened by Mr. Blakes, nor did [he] have any knowledge that [Mr. Venzant] ever alleged that he was threatened by Mr. Blakes, until sometime after [Mr. Venzant] alleged that he was 'stabbed' by Mr. Blakes."  (#37-3 at p.1)  Mr. Venzant has not presented any evidence to rebut either Defendant Mobley's or Defendant Coleman's testimony.  Therefore, he cannot show that Defendants Mobley or Coleman actually knew that Mr. Blakes posed a substantial risk to Mr. Venzant's health and safety.

The Defendants did not provide Defendant Bonner's testimony in support of their motion, but it appears that Defendant Mobley was responsible for responding to inmate communication forms.  (#37-2 at p.1) Defendant Bonner did not sign either of the inmate communication forms in question.  (#37-2 at pp.8-9)  However, even assuming that Defendant Bonner was aware of a threat that Mr. Blakes posed, the Court cannot conclude that Mr. Venzant faced any <u>serious harm</u> as a result of being housed with Mr. Blakes.

Defendant Gammon testified that the day before the alleged incident, Mr. Blakes and Mr. Venzant were playing cards in their cell, and that he did not ever see Mr. Blakes "acting in a threatening or tumultuous manner."  Following the incident, Defendant

---

[3] Although Defendant Mobley testified that she did not receive the communication form dated June 9, 2011, until June 16, 2011, she signed that Form on June 14, 2011. (#37-2 at p.9)

Gammon testified that he saw only a small amount of blood on Mr. Venzant's arm and that it appeared that Mr. Venzant had "picked at an old scab and caused it to bleed a small amount." (#37- at p.2) In addition, there was no fresh blood found in the cell; no weapons were discovered; and there was no sign of any confrontation between Mr. Blakes and Mr. Venzant. (#37-1 at pp.1-2) Further, Mr. Venzant's medical records reflect that he had a scar on his right arm that appeared to be "at least a week or two old" and had "scabbed over." (#37-2 at p.12)

Finally, according to Mr. Blakes, Mr. Venzant asked Mr. Blakes to stab him so that they could be placed in separate cells. (#37-2 at p.14) Mr. Blakes states that "I wen[t] right along and did w[h]at he had ask[ed] because I was tired of him trying to make me do that." (#37-2 at p.14)

When ruling on a motion for summary judgment, the facts are to be viewed in a light most favorable to the non-moving party – here Mr. Venzant. But the Court is not required to accept unreasonable inferences or "sheer speculation" as fact. *Reed v. City of St. Charles, Mo.*, 561 F.3d 788 (8th Cir. 2009) (internal citation omitted). In this case, no reasonable juror could believe Mr. Venzant's version of events. His bare allegations, unsupported by specific facts or evidence beyond his own conclusions, are not enough to withstand an otherwise proper motion for summary judgment. *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). Accordingly, Defendants are entitled to judgment as a matter of law on Mr. Venzant's failure-to-protect claim.

C.  Deliberate Indifference

Deliberate indifference to a prisoner's serious medical needs amounts to unnecessary and wanton infliction of pain and is a violation of the Eighth Amendment bar against cruel and unusual punishment.  *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

To show that prison officials failed to provide adequate medical treatment, however, Mr. Venzant must prove that he suffered from an objectively serious medical need and that the Defendants knew of the need, but deliberately disregarded it.  *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  A medical need is considered serious only when it has been diagnosed by a physician as requiring treatment, or the need is so obvious that even a non-medical person would easily recognize the need for a doctor's attention.  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, Mr. Venzant has failed to show that he had a serious medical need.  Rather, it appears that he only had a small scratch on his upper right arm.  Moreover, even though Mr. Venzant's injury was apparently minor, on June 13, 2011, he was examined by a nurse who cleaned and placed ointment on the injury.  Then, on June 16, 2011, Detention Center officials transported Mr. Venzant to the Health Department to receive a tetanus shot.  (#37-2 at p.3)  Thus, Mr. Venzant undoubtedly received prompt and appropriate treatment for his arm, and he has provided no basis for a finding that the Defendants acted with deliberate indifference to his medical needs.

### III.  Conclusion:

The motion for summary judgment (#35) is GRANTED. Mr. Venzant's claims are DISMISSED, with prejudice, this 23rd day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE